IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,744-01






EX PARTE LINDY ODANE ASHTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM TAYLOR COUNTY

IN THE 42ND JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. 20663-A



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of indecency with a child, and punishment was assessed at confinement for
thirty-five years. Applicant's conviction was affirmed on appeal. Ashton v. State, No. 11-03-00322-CR (Tex. App. --Eastland, delivered March 17, 2005, no pet.).

 Applicant contends in relevant part that he was provided ineffective assistance of
counsel and that exculpatory evidence was withheld by the prosecution.

 The trial court has recommended that relief be denied, but has not entered findings of
fact or conclusions of law. We believe that Applicant has alleged facts that, if true, might
entitle him to relief. Therefore, it is this Court's opinion that additional facts need to be
developed. Because this Court cannot hear evidence, the trial court is the appropriate forum. 
The trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, §
3 (d), in that it may order affidavits, depositions, or interrogatories, or it may order a hearing. 
 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant was provided effective assistance of counsel and whether the
prosecution withheld exculpatory evidence. By way of inclusion, but not by way of
limitation, the trial court shall address whether counsel conveyed a plea bargain offer, if any;
why Landy Ashton was not called as a witness for the defense; and whether there were any
exculpatory undisclosed witness statements that were not tendered to the defense and, if not,
why not.

 The trial court shall also make any further findings of fact and conclusions of law it
deems relevant and appropriate to the disposition of the application for writ of habeas corpus.


 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1st DAY OF FEBRUARY, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.